IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 10-20129-02-KHV |
| ) | |
| STEVEN L. QUINN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On June 27, 2011, the Court sentenced defendant to 240 months in prison based on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. On March 4, 2015, the Court dismissed defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).[1] The United States Supreme Court recently held that a defendant who pleads guilty under Rule 11(c)(1)(C) may seek relief under Section 3582(c)(2) so long as the defendant's guideline range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." Hughes v. United States, 138 S. Ct. 1765, 1775 (June 4, 2018). This matter is before the Court on defendant's pro se Motion For Sentence Reduction Under Amendment 782 In Light Of The Supreme Court's Ruling In Hughes V. United States (Doc. #974) filed June 11, 2018. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945,

---

[1] Because the plea agreement called for a specific sentence and did not use or employ a guideline sentencing range, the Court dismissed defendant's motion for lack of jurisdiction. See Order (Doc. #877) filed March 4, 2015 at 1 (citing United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013)).

947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors found in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289-90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

Defendant seeks relief under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), which lowered the base offense levels in the Drug Quantity Table at U.S.S.G. § 2D1.1. Defendant has not shown that Amendment 782 lowered his guideline range. In particular, defendant's base offense level appears to remain at 38 under the amended guidelines because the Court attributed at least 25.2 kilograms of cocaine base to him. See Presentence Investigation Report (Doc. #446) filed June 21, 2011, ¶ 150(a) (first method: multiple people in conspiracy selling one kilogram per month for 37 months), ¶ 150(b) (second method: 277.5 kilograms of cocaine base); ¶ 150(c) (third method: "very conservative estimate" of 78.9 kilograms of cocaine base during span of conspiracy); U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2016 ed.) (base offense level of 38 for at least 25.2 kilograms of cocaine base). Because defendant has not shown that Amendment 782 lowered

his guideline range, the Court dismisses his motion to reduce sentence for lack of jurisdiction.[2]

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Sentence Reduction Under Amendment 782 In Light Of The Supreme Court's Ruling In Hughes V. United States (Doc. #974) filed June 11, 2018 is **DISMISSED for lack of jurisdiction**.

Dated this 13th day of July, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] Even if defendant could clear the first jurisdictional hurdle, he has not shown that his request for a sentence reduction is consistent with the Commission's policy statements. Defendant's total offense level was 37 with a criminal history category III, resulting in a guideline range of 262 to 327 months in prison. Even if Amendment 782 reduced the base offense level by two levels, defendant's revised total offense level would be 35 with a criminal history category III, which ordinarily results in a guideline range of 210 to 262 months. Because defendant is subject to a statutory minimum of 240 months, however, the floor of his amended guideline range would be 240 months. See U.S.S.G. § 5G1.1(c)(2) (sentence may be imposed at any point within "applicable guideline range" provided sentence not less than statutory minimum); Presentence Investigation Report (Doc. #446) ¶ 197 (noting statutory minimum of 20 years). Defendant's current sentence of 240 months is the same as the low end of his amended guideline range of 240 to 262 months. The Court lacks authority to reduce defendant's sentence below the low end of the amended range. See U.S.S.G. § 1B1.10(b)(2)(A) (except in cases of substantial assistance, court shall not reduce term of imprisonment to less than minimum of amended guideline range).