**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 10-20129-02-KHV |
| | ) | |
| STEVEN L. QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On June 27, 2011, the Court sentenced defendant to 240 months in prison based on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. The Court dismissed defendant's motion for a sentence reduction under Amendment 782 to the Sentencing Guidelines because he had not shown that the amendment lowered his guideline range. See Memorandum And Order (Doc. #979) filed July 13, 2018. This matter is before the Court on defendant's pro se Motion To Reduce Sentence Under § 404 Of The First Step Act (Doc. #1005) filed July 22, 2019. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194, which retroactively applies the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220, 124 Stat. 2372. See First Step Act § 404(a) (First Step Act applies to sentences for violation of federal criminal statute with statutory penalties modified by Fair Sentencing Act of 2010 that was committed before August 3, 2010). Effective August 3, 2010, the Fair Sentencing Act reduced the amount of cocaine base needed to

trigger certain statutory minimum and maximum sentences.  See 21 U.S.C. § 841(b)(1)(A)(iii) (raising from 50 to 280 grams amount of cocaine base needed to trigger statutory range of 10 years to life in prison); 21 U.S.C. § 841(b)(1)(B)(iii) (raising from 5 to 28 grams amount of cocaine base needed to trigger statutory range of 5 to 40 years in prison).  Under the First Step Act of 2018, the Court may impose a reduced sentence as if the revised statutory penalties of the Fair Sentencing Act were in effect at the time the covered offense was committed.  First Step Act § 404(b).

Here, the Superseding Indictment (Doc. #161) charged defendant based on the revised penalties of the Fair Sentencing Act.  See Superseding Indictment (Doc. #161) filed December 22, 2010, Count 1 (conspiracy with intent to distribute more than 280 grams of cocaine base (crack cocaine)).  Because defendant was charged and sentenced based on the revised statutory penalties of the Fair Sentencing Act of 2010, the Court lacks jurisdiction to modify his sentence under the First Step Act.  See First Step Act § 404(c) (no court shall entertain motion under this section if sentence previously imposed in accordance with amendments in sections 2 and 3 of Fair Sentencing Act).  The Court therefore dismisses defendant's motion to reduce his sentence.[1]

**IT IS THEREFORE ORDERED** that defendant's pro se Motion To Reduce Sentence Under § 404 Of The First Step Act (Doc. #1005) filed July 22, 2019 is **DISMISSED for lack of jurisdiction**.

---

[1] Defendant disputes the calculation of drug quantity in the presentence investigation report.  See Motion To Reduce Sentence Under § 404 Of The First Step Act (Doc. #1005) at 3-4; Defendant's Objections To Government Response Concerning The First Step Act Reduction (Doc. #1009) filed August 1, 2019 at 2.  Defendant has conflated the requirements for relief under the First Step Act and Amendment 782.  Under the First Step Act, he is not entitled to relief because he pled guilty to the revised statutory penalties of the Fair Sentencing Act.  Under Amendment 782, he is not entitled to relief because he failed to show that the amendment lowered his guideline range.

Dated this 6th day of September, 2019 at Kansas City, Kansas.

                                                                <u>s/ Kathryn H. Vratil</u>
                                                                KATHRYN H. VRATIL
                                                                United States District Judge