IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CRIMINAL ACTION |
| v. | No. 10-20129-02-KHV |
| STEVEN L. QUINN, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

On June 27, 2011, the Court sentenced defendant to 240 months in prison based on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P.  The Court previously dismissed defendant's pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines because he had not shown that the amendment lowered his guideline range.  See Memorandum And Order (Doc. #979) filed July 13, 2018.  For reasons stated below, the Court appoints the Office of the Federal Public Defender to file a motion for defendant for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

**Analysis**

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c).

Here, while defendant remains ineligible for relief under Section 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, he appears to be eligible for relief under the

compassionate release statute, Section 3582(c)(1)(A)(i), which permits the Court to reduce a sentence for extraordinary and compelling reasons.

I.      Relief Under 18 U.S.C. § 3582(c) And Amendment 782

Section 3582(c)(2) permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). If eligible, the Court may reduce defendant's term of imprisonment after considering any applicable factors set forth in Section 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c); see Dillon v. United States, 560 U.S. 817, 826–27 (2010); United States v. Green, 625 F. App'x 901, 904 (10th Cir. 2015).

To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show that he was sentenced based on a guideline range that the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements; and (3) defendant must convince the district court to grant relief in light of the sentencing factors found in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

At sentencing, the Court held defendant accountable for at least 4.5 kilograms of cocaine base. See Presentence Investigation Report ("PSR") (Doc. #446) filed June 21, 2011, ¶ 155. After Amendment 782, defendant's total offense level is reduced four levels, to a total of 33 under the amended Guidelines. See U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 2D1.1(c)(2) (Nov. 1, 2018 ed.) (base offense level of 34 for at least 4.5 kilograms but less than 8.4 kilograms

of cocaine base, plus two levels because he possessed firearm during offense); U.S.S.G. § 3E1.1 (minus three levels for acceptance of responsibility).  With a criminal history category of III, defendant's guideline range is 168 to 210 months.  Because defendant is subject to a statutory minimum of 240 months, however, his amended guideline "range" simply is 240 months.  See U.S.S.G. § 5G1.1(c)(2) (sentence may be imposed at any point within "applicable guideline range" provided sentence not less than statutory minimum); PSR, ¶ 197 (noting statutory minimum of 20 years).  Under Section 3582(c)(2), the Court lacks authority to reduce defendant's sentence below the amended "range" of 240 months.  See U.S.S.G. § 1B1.10(b)(2)(A) (except in cases of substantial assistance, court shall not reduce term of imprisonment to less than minimum of amended guideline range).

**II.     Potential Relief Under 18 U.S.C. § 3582(c)(1)(A)(i)**

Under the compassionate release statute, the Court may grant relief if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) the Section 3553(a) factors warrant a reduced sentence.  18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).  The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants.  Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050.  Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply.  See United States v. Warren, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021).  Defendant satisfies the first requirement and may satisfy the third requirement.

As to the first requirement, extraordinary and compelling reasons warrant a reduced

sentence. The Court has discretion to independently determine whether a defendant has shown "extraordinary and compelling reasons" that warrant release. See McGee, 992 F.3d at 1044, 1048. In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent." United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting *extraordinary*, Webster's Third International Dictionary, Unabridged (2020)). "Compelling" means "tending to convince . . . by forcefulness of evidence." Id. (quoting *compelling*, Webster's Third International Dictionary, Unabridged (2020)). The Court also considers how the Sentencing Commission has defined extraordinary and compelling reasons for BOP motions. See United States v. Carr, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes). For BOP motions, the Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first three categories. U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).

The Court's denial of relief to defendant under Amendment 782 based on the statutory minimum is an extraordinary and compelling reason. As to the two other co-defendants who entered pleas under Rule 11(c)(1)(C) (Andrew Price and Antonio Quinn), the Court granted relief under Amendment 782 because at sentencing, it found that each defendant was accountable for at least 4.5 kilograms of cocaine base. See Memorandum And Order [As To Andrew Price] (Doc. #1064) filed December 24, 2020 (reducing sentence under Section 3582(c)(2) and Amendment 782 from 240 months to time served); Order Regarding Motion For Sentence

Reduction [As To Antonio Quinn] Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #1080) filed January 21, 2021 (reducing sentence from 300 months to 292 months).  Likewise, as to the three co-defendants who went to trial (Willie Ford, Mark Brooks and Marcus Quinn) and had similar drug quantities attributed to them, the Court granted relief either under Amendment 782 or the compassionate release statute.  See Memorandum And Order [As To Willie Ford] (Doc. #1097) filed April 30, 2021 (reducing sentence under Section 3582(c)(1)(A)(i) from 420 months to 360 months); Order Regarding Motion For Sentence Reduction [As To Mark Brooks] Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #1084) filed February 4, 2021 (reducing sentence from 420 months to 360 months); Order Regarding Motion For Sentence Reduction [As To Marcus Quinn] Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #1079) filed January 21, 2021 (reducing sentence from 360 months to 292 months).

Here, defendant is not eligible for relief under Amendment 782 because he is subject to a statutory minimum of 240 months based on the government's filing of a Section 851 notice of his prior drug conviction.  Information Charging Prior Offense Pursuant To Title 21, United States Code, Section 851 (Doc. #210) filed January 31, 2011.  When the government filed the Section 851 notice and when defendant entered a plea under Rule 11(c)(1)(C), the parties understood that like Price, Brooks, Ford, Antonio Quinn and Marcus Quinn, defendant's base offense level would be 38.  After Amendment 782 lowered the base offense levels of the other five co-defendants, the Court sentenced each of them at the low end of the amended guideline range.  Although Amendment 782 also lowers defendant's base offense level by four levels, defendant cannot obtain relief under Section 3582(c)(2) because of the statutory minimum in his case.  The uneven application of Amendment 782 to the various defendants in this conspiracy who pled guilty under Rule 11(c)(1)(C) and who went to trial appears to be an extraordinary and

compelling reason for a reduced sentence.  See Memorandum And Order (Doc. #1097) (granting relief under Section 3582(c)(1)(A)(i) where Ford technically did not qualify for relief under Amendment 782).  Accordingly, the Court appoints the Office of the Federal Public Defender to represent defendant to address this issue and whether the factors under Section 3553(a) support a reduced sentence.

**IT IS THEREFORE ORDERED that on or before June 1, 2021, if the Office of the Federal Public Defender can do so consistent with relevant cannons of ethics, it shall enter an appearance for defendant to file a motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  The Clerk is directed to forward a copy of this order to the Office of the Federal Public Defender.**

Dated this 10th day of May, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
